UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANK HARGROVE, JR. and RICHARD WHITE,
for themselves and others similarly-situated, and
INTERNATIONAL UNION, UNITED
AUTOMOBILE, AEROSPACE,
AND AGRICULTURAL IMPLEMENT
WORKERS OF AMERICA (UAW),

      Plaintiffs,

v.

EAGLEPICHER CORPORATION also known as
EP MANAGEMENT CORPORATION and as
EAGLEPICHER MANAGEMENT COMPANY,

      Defendant.

_____/

Case No. _____

Class Action

U.S. District Judge _____

**COMPLAINT AND JURY DEMAND**

Plaintiffs Frank Hargrove, Jr. and Richard White, for themselves and others similarly-situated, and International Union, United Automobile, Aerospace, and Agricultural Implement Workers of America (UAW), complain against defendant EaglePicher.

1.     Plaintiffs bring this action to protect and enforce rights to lifetime retiree healthcare benefits for the individual plaintiffs and others similarly-situated and their spouses and surviving spouses and other eligible family members.

2.     The individual plaintiffs are retirees who were employed at the EaglePicher Wolverine Gasket plant in Inkster, Michigan.  The individual plaintiffs were members of the UAW-represented collective bargaining unit at the Wolverine Gasket plant.

3.     The class which the individual plaintiffs seek to represent consists of the individual plaintiffs and similarly-situated retirees and former employees and their spouses and surviving

spouses and other eligible family members.  The retirees and former employees earned lifetime

retiree healthcare benefits for themselves and their spouses and surviving spouses and other eligible

family members by working for periods of years at the Wolverine Gasket plant.  The retiree

healthcare benefits were promised in collective bargaining agreements between defendant or its

predecessor and UAW and Local 690.  The proposed class includes participants in or beneficiaries

of welfare benefit plans created, sponsored, and operated by defendant pursuant to obligations under

collective bargaining agreements.  Defendant is bound by those collective bargaining agreements.

4.     Members of the proposed class have been injured and have been, are being, and will be

deprived of promised retiree healthcare benefits as a result of defendant's actions, including

defendant's unilateral discontinuation and diminution of promised and collectively-bargained retiree

healthcare benefits.

5.     This action is brought by the individual plaintiffs for themselves and as class

representatives pursuant to Federal Rules of Civil Procedure 23(a) and (b)(1)(A) and (B) and (b)(2)

and by UAW as collective bargaining representative and as a party to the governing collective

bargaining agreements.

**Jurisdiction and Venue**

6.     This Court has jurisdiction under Section 301 of the Labor Management Relations Act

(LMRA), 29 U.S.C. §185; under 29 U.S.C. §§1331 and 1337; and under Sections 502(a)(1)(B),

(a)(3), (e), and (f) of the Employee Retirement Income Security Act (ERISA), 29 U.S.C.

§§1132(a)(1)(B), (a)(3), (e), and (f).

7.     Venue is proper in this district under LMRA Section 301(a), 29 U.S.C. §185(a), and

under ERISA Sections 502(e)(2) and (f), 29 U.S.C. §§1132(e)(2) and (f).

2

**Parties**

8.     Plaintiff and class representative Frank Hargrove, Jr. resides at 33739 Cherry Hill, Westland, Michigan.  He retired from employment at the EaglePicher Wolverine Gasket plant in Inkster, Michigan in 2003, was a member of the UAW-represented collective bargaining unit there, and is a participant in a welfare benefit plan or plans created, sponsored, and operated by defendant to provide healthcare benefits to retirees and their spouses and surviving spouses and other eligible family members.

9.     Plaintiff and class representative Richard White resides at 39282 Chase Road, Romulus, Michigan.  He retired from employment at the EaglePicher Wolverine Gasket plant in Inkster, Michigan in 1994, was a member of the UAW-represented collective bargaining unit there, and is a participant in a welfare benefit plan or plans created, sponsored, and operated by defendant to provide healthcare benefits to retirees and their spouses and surviving spouses and other eligible family members.

10.     Plaintiff UAW is a labor organization representing workers in industries affecting commerce within the meaning of 29 U.S.C. §§142, 152, and 185.  UAW has its headquarters at 8000 East Jefferson in Detroit, Michigan.

11.     Defendant EaglePicher is a corporation with its headquarters at 5850 Mercury Drive, Suite 250, Dearborn, Michigan.  It is also known as EP Management Corporation and EaglePicher Management Company.

12.     Defendant EaglePicher or its predecessor owned and operated the Wolverine Gasket plant in Inkster, Michigan which employed workers who were members of a UAW-represented collective bargaining unit, including the individual plaintiffs.

3

13.   Defendant EaglePicher is obligated by collective bargaining agreements to provide retiree healthcare benefits to certain retired EaglePicher employees who, while employed, were members of the UAW-represented collective bargaining unit at the Wolverine Gasket plant in Inkster, Michigan and to spouses and surviving spouses and other eligible family members of those retired employees.

**Summary of Facts**

14.   UAW was the collective bargaining representative of the individual plaintiffs and others in the collective bargaining unit at the Wolverine Gasket plant in Inkster, Michigan.  UAW negotiated various collective bargaining agreements governing the terms and conditions of unit members' employment which included promises of lifetime retirement healthcare benefits for retirees and their spouses and surviving spouses and other eligible family members, including the individual plaintiffs and others similarly-situated and their spouses and surviving spouses and other eligible family members.

15.   Defendant EaglePicher has contractual obligations regarding retirement healthcare benefits for UAW-represented retirees and their spouses and surviving spouses and other eligible family members, including the individual plaintiffs and the members of the proposed class.

16.   Defendant EaglePicher is liable for obligations arising under collective bargaining agreements and welfare benefit plans to provide UAW-represented retirees, including the individual plaintiffs and others similarly-situated and their spouses and surviving spouses and other eligible family members, with lifetime retirement healthcare benefits.

17.   In particular, Appendix F of various collective bargaining agreements governing the Wolverine Gasket plant collective bargaining unit promises that an employee with 20 or more years of service as of August 1, 1993 "will receive full medical benefits for life under the guideline of the

current retiree medical benefit plan, at no premium cost to the employee, upon retirement." See, for example, attached as Exhibit A, Appendix F of the August 1, 2002-July 31, 2005 collective bargaining agreement.

18.    Individual plaintiffs Hargrove and White had at least 20 years of service as of August 1, 1993 and are retired.  They and similarly-situated retirees and former employees and their spouses and their surviving spouses and other eligible family members are eligible for and entitled to "full medical benefits for life" at "no premium cost" under Appendix F.

**Class Action**

19.    Individual plaintiffs Hargrove and White bring this action on behalf of themselves and on behalf of others similarly-situated under Federal Rules of Civil Procedure 23(a) and (b)(1)(A) and (B) and (b)(2).

20.    The individual plaintiffs seek to represent a class of all persons who are entitled to lifetime retirement healthcare promised by defendant and its predecessor in collective bargaining agreements and those persons who are or are entitled to be participants in or beneficiaries of the welfare benefit plan or plans arising under those collective bargaining agreements, including the plan or plans sponsored and administered by or on behalf of defendant to provide benefits to retirees and their spouses and surviving spouses and other eligible family members.

21.    The exact number of the members of the proposed class is not presently known to plaintiffs but, on information and belief, is known to defendant and is sufficiently numerous that joinder of all members is impracticable.

22.    There are questions of law and fact common to the class, including legal and factual questions regarding retirement healthcare benefits addressed in governing collective bargaining agreements and welfare benefit plans and the propriety under LMRA and ERISA of defendant's

discontinuation or alteration, and threatened discontinuation or alteration, of various retirement healthcare benefits arising under those agreements and plans.

23. The individual plaintiffs' claims are typical of the claims of the proposed class as those claims arise under collective bargaining agreements and welfare benefit plans covering retired UAW-represented employees who worked at the Wolverine Gasket plant, and covering the retirees' and former employees' spouses and surviving spouses and other eligible family members, and relate to conduct by defendant that adversely affected or that will adversely affect class members' retirement healthcare benefits in the future.

24. The individual plaintiffs will fairly and adequately represent the interests of the proposed class because they have the same or similar claims and interests arising out of the same or similar operative facts and the same law and contract obligations and benefit plans, and because they have secured the representation of attorneys who are knowledgeable and experienced in labor law, ERISA, and litigation of this kind, and because they have joined with and secured the support of UAW in their efforts to enforce their rights and the rights of members of the proposed class to lifetime retirement healthcare.

25. The actions of defendant addressed in this lawsuit apply generally to the proposed class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the proposed class as a whole and so that a class action is appropriate to avoid the risks of inconsistent or varying adjudications of individual claims and individual adjudications that as a practical matter would be dispositive of the interests of those within the proposed class.

## COUNT I - BREACH OF LABOR CONTRACTS

26.     Paragraphs 1-25 are incorporated in this count.

27.     Defendant is obligated under various collective bargaining agreements to provide the individual plaintiffs and others similarly-situated and their spouses and surviving spouses and other eligible family members with retirement healthcare benefits, as promised in those collective bargaining agreements.

28.     Defendant has failed and refused to provide the individual plaintiffs and others similarly-situated and their spouses and surviving spouses and other eligible family members with retirement healthcare benefits promised and required by the collective bargaining agreements.

29.     On September 29 and October 1, 2009, defendant EaglePicher wrote to "EaglePicher Retirees with Medical Coverage," including members of the proposed class, announcing "changes to the health coverage you have been receiving as an eligible EaglePicher retiree."  Defendant announced "changes" in healthcare benefits effective January 1, 2010 and that it plans "to begin charging for retiree health coverage" beginning on January 1, 2011.  Defendant announced that "cost-sharing" would be implemented in "phases" continuing through 2014 and that retirees would be obligated to pay "100% of the cost of coverage in 2015 and thereafter."  A copy of defendant's September 29, 2009 letter is attached as Exhibit B.

30.     Changed healthcare coverage was unilaterally imposed by defendant on or about January 1, 2010 and shifted costs to retirees and their spouses and surviving spouses and other eligible family members and is inferior to the healthcare coverage promised and previously provided by defendant to the individual plaintiffs and others similarly-situated and their spouses and surviving spouses and other family members.

31.     Defendant's planned imposition of "cost-sharing" on retirees and their spouses and surviving spouses and other eligible family members is a breach of defendant's promises that these persons "will receive full medical benefits for life" and that those benefits will be provided by defendant "at no premium cost to the employee, upon retirement." An example of this promise from the August 1, 2002-July 31, 2005 collective bargaining agreement is attached as Exhibit A.

32.     Unilateral changes in retirement healthcare were made by defendant and imposed on the individual plaintiffs and on others similarly-situated and their spouses and surviving spouses and other eligible dependents in violation of defendant's obligations under the collective bargaining agreements.

33.     The unilateral changes, and any further unilateral changes diminishing or eliminating promised retirement healthcare benefits, have caused and will cause UAW-represented retirees and former employees and others, including the individual plaintiffs and others similarly-situated and their spouses and surviving spouses and other eligible family members, to incur personal expense for healthcare and to incur other expenses and damages.

34.     On March 3, 2010, defendant EaglePicher wrote to members of the proposed class a letter addressed to each "EP Retiree" informing that "the EaglePicher Corporation name and logo on your Aetna Medicare member ID card has been changed to read 'EP Management Corporation' instead of 'EaglePicher Corporation'" and that "Other than the EP logo change, the rest of the information displayed on your Aetna Medicare member ID card will remain the same" and that there "will be no change in your current benefit plans." A copy of this letter is attached as Exhibit C.

35.     When UAW and Local 690 and defendant and its predecessor negotiated and agreed to the collective bargaining agreements providing for lifetime healthcare benefits for retirees and for their spouses and surviving spouses and other eligible family members, they intended to provide retirees and their spouses and surviving spouses and other eligible family members, as well as employees considering retirement and those retiring, with security, stability, certainty, peace of mind, and other benefits of obvious mental concern and solicitude and they intended that such individuals rely on the promises of lifetime retirement healthcare benefits.

36.     Defendant breached its obligations under the collective bargaining agreements and in doing so caused plaintiffs and class members injury and damage and continues to cause plaintiffs and class members injury and damage in breach of the governing collective bargaining agreements.

## COUNT II - VIOLATION OF ERISA

37.     Paragraphs 1-36 are incorporated in this count.

38.     The collectively-bargained retirement healthcare benefits promised and provided by defendant to UAW-represented retirees, including to the individual plaintiffs and others similarly-situated and their spouses and surviving spouses and other eligible family members, constitute one or more "employee welfare benefit plan" or plans within the meaning of ERISA, 29 U.S.C. §1002(1).

39.     Defendant is and was at all relevant times the plan "sponsor" and "administrator" of the "employee welfare benefit plan" or plans within the meaning of ERISA, 29 U.S.C. §§1002(16)(A) and (B).

40.     The individual plaintiffs and persons similarly-situated and their spouses and surviving spouses and other eligible family members are or are entitled to be "participants" in or

"beneficiaries" of the "employee welfare benefit plan" or plans within the meaning of ERISA, 29 U.S.C. §§1002(7) and (8).

41.     The collectively-bargained "employee welfare benefit plan" or plans promised, sponsored, and administered by defendant promise and provide healthcare benefits for UAW-represented retirees, including the individual plaintiffs and others similarly-situated and their spouses and surviving spouses and other eligible family members.

42.     Defendant's unilateral actions discontinuing and diminishing collectively-bargained healthcare benefits, and defendant's failure and refusal to provide the collectively-bargained healthcare benefits according to the welfare benefit plan or plans, violate the terms of the plan or plans and breach defendant's obligations to fully comply with the plan or plans.

43.     Defendant's unilateral actions discontinuing and diminishing plan benefits, and expressing the intention to discontinue, diminish, or otherwise alter plan benefits in the future, are wrongful and actionable under ERISA, 29 U.S.C. §§1132(a)(1)(B) and (3), which entitles a participant or a beneficiary to bring a civil action "to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan" and "to enjoin any act or practice which violates…the terms of the plan or…to obtain other appropriate equitable relief…to redress such violations or…to enforce…the terms of the plan."

44.     Defendant breached its obligations under ERISA and the governing plan or plans and in doing so has caused injury and damage to the individual plaintiffs and others similarly-situated and their spouses and surviving spouses and other eligible family members, and continues to do so.

**<u>Relief Requested</u>**

WHEREFORE, plaintiffs ask that the Court:

1.     Certify this action as a class action, appoint plaintiffs Hargrove and White as class representatives, and appoint plaintiffs' counsel to serve as class counsel;

2.     Declare and determine that defendant violated and is violating the collective bargaining agreements and the welfare benefit plan or plans and is liable and obligated to cease those violations and to rectify those violations by paying damages and otherwise making plaintiffs and those similarly-situated whole;

3.     Award damages to plaintiffs and those similarly-situated;

4.     Issue preliminary and permanent injunctions directing defendant to satisfy its contractual and statutory obligations under the collective bargaining agreements and welfare benefit plan or plans and to reinstate and maintain promised lifetime vested retirement healthcare benefits for the members of the class;

5.     Direct defendant to pay interest on damages, to pay plaintiffs' costs and expenses and attorney fees, and to pay such other compensatory, punitive and exemplary damages as may be warranted; and

6.     Award such other relief as may be necessary to make plaintiffs and those similarly-situated whole and such other relief as may be warranted by law and equity.

<div style="display:flex; justify-content:space-between">
<div>

Michael F. Saggau (P35326),
  Associate General Counsel
International Union, UAW
8000 E. Jefferson Avenue
Detroit, MI  48214
(313) 926-5216
msaggau@uaw.net

Attorney for UAW

</div>
<div>

s/Stuart M. Israel
Stuart M. Israel (P15359)
Martens, Ice, Klass, Legghio & Israel, P.C.
306 South Washington, Suite 600
Royal Oak, MI 48067
(248) 398-5900
israel@martensice.com

Attorney for Class Representatives and
UAW

March 9, 2010

</div>
</div>

## JURY DEMAND

Plaintiffs request a jury trial of all issues triable by jury.

                                                <u>s/Stuart M. Israel</u>
                                                Stuart M. Israel (P15359)
Martens, Ice, Klass, Legghio & Israel, P.C.
306 South Washington, Suite 600
Royal Oak, MI 48067
(248) 398-5900
israel@martensice.com
Attorney for Class Representatives and UAW

Michael F. Saggau (P35326),
  Associate General Counsel
International Union, UAW
8000 E. Jefferson Avenue
Detroit, MI  48214
(313) 926-5216
msaggau@uaw.net
Attorney for UAW

March 9, 2010