UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANK HARGROVE, JR. and RICHARD WHITE,
for themselves and others similarly-situated, and
INTERNATIONAL UNION, UNITED
AUTOMOBILE, AEROSPACE,
AND AGRICULTURAL IMPLEMENT
WORKERS OF AMERICA (UAW),

        Plaintiffs,

Case No. 2:10-cv-10946
Class Action

v.    U.S. District Judge Arthur J. Tarnow

EAGLEPICHER CORPORATION also known as
EP MANAGEMENT CORPORATION and as
EAGLEPICHER MANAGEMENT COMPANY,

        Defendant.
_____/

**JOINT RULE 26(f) REPORT AND PROPOSED DISCOVERY PLAN**

The parties conferred on the subjects identified in Rule 26(f)(2) on May 3 and June 2 and 3, 2010. This is the parties' joint Rule 26(f) report and proposed discovery plan.

Appearing for plaintiffs are:

>   Stuart M. Israel (P15359)
>   Martens, Ice, Klass, Legghio & Israel, P.C.
>   306 S. Washington Ave., Suite 600
>   Royal Oak, MI 48067
>   (248) 398-5900
>   israel@martensice.com

>   Michael F. Saggau (P35326)
>     Associate General Counsel
>   International Union, UAW
>   8000 E. Jefferson Ave.
>   Detroit, MI 48214
>   (313) 926-5216
>   msaggau@uaw.net

Appearing for defendant are:

>   Howard E. Kochell
>   Barnes & Thornburg LLP
>   11 South Meridian Street
>   Indianapolis, IN 46204-3535
>   (317) 231-7276
>   howard.kochell@btlaw.com

>   Jeffrey G. Muth (P65041)
>   Barnes & Thornburg LLP
>   171 Monroe Avenue NW, Ste 1000
>   Grand Rapids, Michigan 49503
>   (616) 742-3930
>   jmuth@btlaw.com

**1.** **Jurisdiction**. The basis for the Court's jurisdiction is Section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. §185; 28 U.S.C. §§1331 and 1337; and Sections 502 (a)(1)(B), (a)(3), (e)(1), and (f) of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§1132(a)(1)(B), (a)(3), (e)(1), and (f).

**2.** **Statement of the case**. Plaintiffs are: (1) two individual retirees, who sue for themselves and a proposed class of similarly-situated retirees, surviving spouses, and other eligible family members; and (2) UAW, the union which represented the individual plaintiffs and

similarly-situated retirees in the proposed class when those retirees were employed at the EaglePicher Wolverine Gasket plant in Inkster, Michigan. Plaintiffs seek to enforce collectively-bargained promises of lifetime retiree healthcare. The individual plaintiffs and proposed class sue for breach of collective bargaining agreement under LMRA Section 301 and for breach of employee welfare benefit plans under ERISA. UAW sues for breach of collective bargaining agreement under LMRA Section 301. Among other things, plaintiffs challenge modifications in healthcare implemented by defendant on or about January 1, 2010 and the phased elimination of company-paid healthcare planned to begin on January 1, 2011 and to be completed in 2014, announced in communications from defendant to retirees sent on or about September 29 and October 1, 2009. Defendant raises various defenses to plaintiffs' claims.

       **3.**    **<u>Jury demand</u>**. Plaintiffs filed a jury demand. (Docket 1, complaint at 12). Defendant objects to the jury demand. Plaintiffs recognize that Sixth Circuit authority precludes jury trials in retiree healthcare litigation filed under LMRA Section 301 and ERISA. See, e.g., *Golden v. Kelsey-Hayes Co.*, 73 F.3d 648, 658-662 (6th Cir. 1996) and *Reese v. CNH America, LLC*, 574 F.3d 315, 327-328 (6th Cir. 2009). At the same time, plaintiffs point out that other circuits hold there is a Seventh Amendment jury trial right in retiree healthcare cases. See, e.g., *Senn v. United Dominion Industries, Inc.*, 951 F.2d 806, 813-814 (7th Cir. 1992) (Seventh Amendment jury trial right where retirees seek damages as well as injunctive relief under Section 301 and ERISA) and *Stewart v. KHD Deutz of America Corp.*, 75 F.3d 1522, 1528 (11th Cir. 1996) ("we join the Seventh Circuit in holding that plaintiffs are entitled to a jury trial in hybrid LMRA/ERISA actions"). Plaintiffs recognize that this Court is bound to follow Sixth Circuit precedent. The parties want to avoid unnecessary briefing and proceedings on the jury trial issue, but plaintiffs also want to preserve the jury trial issue. *See* Antonin Scalia and Bryan A. Garner,

*Making Your Case-The Art of Persuading Judges* (2008) at 52-53 ("If…you are appearing before a district court bound by a prior court-of-appeals precedent, it is of little use to argue at length that this precedent mistakes the law.  Still, you should place in the record your view that it does so.  And you should do the same in the intermediate appellate court so that there will be no doubt of your entitlement to raise that issue in the highest court of that jurisdiction.").  Accordingly, plaintiffs request that the Court enter an appropriate order permitting them to preserve the jury trial issue.  Defendant does not object to such an order.  The parties will, if it will assist the Court, submit a proposed stipulated order preserving the jury trial issue.

  **4.**  **Discovery**.

    **A.**  **Initial disclosures.**  The parties plan to exchange Rule 26(a) initial disclosures by June 14, 2010.

    **B.**  **Discovery subjects and process.**  Initially, the parties plan to compile a common set of potentially relevant core documents.  The core document collection will include the August 1, 2002 collective bargaining agreement between Wolverine Gasket Division of EaglePicher Industries, Inc. and International Union, United Automobile, Aerospace, and Agricultural Implement Workers of America (UAW) and Local 690, including the appendices incorporated into that agreement and any related benefit programs booklets and plans.  In addition, defendant plans to provide a census of members of the proposed class.  Following compilation of these core materials, the parties expect to be able to identify the precise issues in dispute and to identify and undertake any necessary discovery related to those issues, including document requests, interrogatories, admission requests, and depositions addressing any disputed issues.

   **C.** **Electronically-store information.**  The parties do not anticipate any issues regarding electronically-stored information, but will bring any issues that may arise to the Court's attention.

   **D.** **Privileges.**  The parties do not anticipate any issues regarding privileges, but will bring any issues that may arise to the Court's attention.

   **E.** **Discovery limitations.**  The parties would like to dispense with the Rule 33(a)(1) limitation on the number of interrogatories and the Rule 30(d)(1) deposition limitations. The parties will cooperate on discovery and will seek the assistance of the Court in the event that any discovery-related disagreements arise that the parties are unable to resolve.

   **F.** **Phased or focused discovery.**  The parties do not believe that discovery should be phased or specially focused except as suggested in paragraph B above.

   **G.** **Discovery cut-off.**  The parties request that the discovery cut-off be set for January 31, 2011, with recognition that they may seek to adjust this date if necessary once the core documents are compiled and disputed issues are specified and necessary discovery is identified.

| | |
|---|---|
| s/Stuart M. Israel | Howard E. Kochell |
| Stuart M. Israel (P15359) | Barnes & Thornburg LLP |
| Martens, Ice, Klass, Legghio & Israel, P.C. | 11 South Meridian Street |
| 306 South Washington, Suite 600 | Indianapolis, IN 46204-3535 |
| Royal Oak, MI 48067 | (317) 231-7276 |
| (248) 398-5900 | howard.kochell@btlaw.com |
| israel@martensice.com | |
| Attorneys for Class Representatives and UAW | s/Jeffry G. Muth |
| | Jeffrey G. Muth (P65041) |
| Michael F. Saggau (P35326) | Barnes & Thornburg LLP |
|  Associate General Counsel | 171 Monroe Avenue NW, Ste 1000 |
| International Union, UAW | Grand Rapids, Michigan 49503 |
| 8000 E. Jefferson Ave. | (616) 742-3930 |
| Detroit, MI 48214 | jmuth@btlaw.com |
| (313) 926-5216 | Attorneys for Defendant |
| msaggau@uaw.net | |
| Attorney for UAW | Date:  June 4, 2010 |

## CERTIFICATE OF SERVICE

  I hereby certify that on June 4, 2010, I caused to be electronically filed the foregoing Joint Status Report with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Howard E. Kochell
Barnes & Thornburg LLP
11 South Meridian Street
Indianapolis, IN 46204-3535
(317) 231-7276
howard.kochell@btlaw.com

Jeffrey G. Muth
Barnes & Thornburg LLP
171 Monroe Avenue NW, Ste 1000
Grand Rapids, Michigan 49503
(616) 742-3930
jmuth@btlaw.com

All parties may access this filing through the Court's system.

               <u>s/Stuart M. Israel</u>
               Stuart M. Israel